UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                                  Case No. 15-mj-30085

v.

AL-HAMZAH MOHAMMAD JAWAD,

      Defendant.

_____/

## STIPULATION FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT

Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the parties hereto stipulate to a competency examination.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel                    s/ Andrew N. Wise  with consent
JONATHAN TUKEL                ANDREW N. WISE
Assistant U.S. Attorney             Attorney for Al-Hamzah Mohammad Jawad
211 W. Fort Street                    Federal Defender Office
Suite 2001                               613 Abbott, 5th Floor
Detroit, MI  48226                    Detroit, MI 48226

Date:  February 24, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No. 15-mj-30085

AL-HAMZAH MOHAMMAD JAWAD,

    Defendant.
_____/

## ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT

On February 18, 2015, the defendant was charged in a criminal complaint with 18 U.S.C. § 1001 – False Statements. The parties have stipulated to a competency examination. Based on the parties' stipulation, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1) that a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a),(b), 4247(b);

(2) that defendant be committed to the custody of the Attorney General for placement at a suitable facility for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.*

§ 4247(b); the director of the facility may apply for a reasonable extension not to exceed 15 days;

(3)  that the U.S. Marshals Service transport defendant to and from the facility;

(4)  that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5)  that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order;

(6)  the examining psychiatrist or psychologist produce to defense counsel and the Assistant United States Attorney copies of all records, documents, and tests (both questions and answers) that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

2

(7)  that the period beginning with the defendant's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

/s/ Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 24, 2015

3